IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOUSTON,<br><br>      Petitioner,<br><br>  v.<br><br>RANDY GROUNDS, Warden, et al.,<br><br>      Respondents.<br>                                / | No. C 10-05553 CW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

    Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging as a violation of his constitutional rights the denial of parole by the California Board of Parole Hearings (Board) on June 3, 2009.

    In claim one of his petition, Petitioner specifically claims the "his 'property' (i.e. jury trial Judge's sentence) has not been protected, violating his 'liberty' (i.e. freedom from incarceration) by being retained beyond the matrix sentence . . . ."  (Pet. at 6-2.)[1]  Petitioner states that in 2009, the Board "found that [he] would pose a danger to public safety if released on parole at that time, based on Ex. 2(d) page 2 of six [of] an uncertified document by [a] counselor."  (Id. at 2-10.)  He argues that this Court should grant his petition "with directions to vacate [the Board's] denial and stop the use of Ex. 2(d) entirely as this is a non-certified document . . . ."  (Id.)  In

---

[1] Petitioner has attached multiple pages to page six of the petition; therefore, the Court has numbered these pages "6-1" through "6-24."

sum, Petitioner's first claim is that the Board's 2009 denial does not comport with due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public.  Petitioner also claims that conducting his parole hearing under Proposition 9 (Marsy's Law) was a violation of the ex post facto clause of federal constitution.  Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," modified the availability and frequency of parole hearings.  Specifically, Marsy's Law provides that the Board will hear each case every fifteen years unless it opts to schedule the next hearing in three, five, seven or ten years.  Cal. Penal Code § 3041.5(b)(3) (2010).  Finally, Petitioner alleges the Board violated his right to equal protection.

    Petitioner fails to allege that he has exhausted any of the claims raised in his petition.  However, the Court reviews his claims notwithstanding the possibility that they may be unexhausted because they are all without merit, as explained below.

    A prisoner subject to California's parole statute receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied.  Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 862 (2011).  The attachments to the petition show Petitioner received at least this amount of process.  The Constitution does not require more.  Id.

    Whether the Board's decision was supported by some evidence of current dangerousness is irrelevant on a petition for a writ of habeas corpus in federal court.  The Supreme Court has made clear that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the

2

Constitution demands) was correctly applied." Id. at 863. Therefore, the Court DENIES his due process claim.

Petitioner's ex post facto claim also fails. The Ninth Circuit has recently held that Marsy's Law does not violate the ex post facto clause. See Gilman v. Schwarzenegger, No. 10-15471, slip op. 1339, 1357 (9th Cir., Jan. 24, 2011). Accordingly, the Court finds that Petitioner's allegations do not state a cognizable claim for an ex post facto violation.

Finally, Petitioner's equal protection claim has no merit. He argues that his right to equal protection was violated because the Board "did not provide a differential treatment of parties who are similarly situated, raising the question as to whether the agency or board is administering its programs in a fair, impartial, and competent matter . . . ." (Pet. at 6-4.) He further argues that the Board's decision should be "based on evidence" and "not the whim, caprice or a political whim of [the] commisioner." (Id.) He seems to be arguing that the Board makes arbitrary choices about which factor to assign more weight to and rely on when denying parole. Instead, the Board could assign more weight to factors that can be changed and less weight to factors that cannot be changed. The Equal Protection Clause simply does not require that a state assign fixed numeric values for different factors that go into a decision-making process. California's parole scheme which provides a non-exclusive list of factors to be considered in determining whether an inmate is suitable for parole does not violate equal protection. Accordingly, the Court finds that Petitioner's allegations do not state a cognizable claim for an equal protection violation.

3

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of the Court shall enter judgment in favor of Respondent, terminate all pending motions, and close the file.

IT IS SO ORDERED.

Dated: 3/28/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DANIEL HOUSTON,

        Plaintiff,

v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV10-05553 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Houston H-88888
Soledad State Prison
P.O. Box 689 E-Dorm
Soledad, CA 93960-0689

Dated: March 28, 2011

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk